# Watford *v.* Ala-Fla. Lumber Co.

*Action for Damage for Injury to Employe.*

(Decided July 2, 1907. 44 South. 567.)

1. *Courts; Jurisdiction of Causes.*—A domestic corporation operating a saw mill is suable in this state for injuries done to the servant in another state; the action is transitory in its nature and the courts of this state have jurisdiction of the person of a domestic corporation.

2. *Same.*—For injuries done in another state by a master a servant cannot recover in this state unless he has a right of action under the laws of the state in which the injury was done.

3. *Evidence; Presumption; Common Law.*—In the absence of proof of the law of Florida this court cannot presume that the common law enforceable in Alabama obtains in Florida; that state not being one recognizing the common law as the source of its jurisprudence.

4. *Master and Servant; Injury to Servant; What Law Governs.*—When a servant of an Alabama corporation operating a saw mill in Florida brings a suit in Alabama for injuries sustained in Florida, and makes no averment or proof of the laws of Florida he submits himself to the jurisdiction of the Alabama court, and his complaint being framed under the common law, the case will be dealt with under the law enforced in Alabama. (Haralson and Anderson, JJ., dissent.)

APPEAL from Geneva Circuit Court.

Heard before Hon. H. A. PEARCE.

Action by A. L. Watford against the Alabama & Florida Lumber Company. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

[Watford v. Ala.-Fla. Lumber Co.]

Action for damages for injury to an employe happening at the sawmill of defendant in the state of Florida. It is unnecessary to set out the first count. The second count is as follows: "Plaintiff claims of the defendant the sum of $1,900 as damages, for that, whereas, the defendant was, on or about the 11th day of June, 1904, operating a sawmill at Noma in the state of Florida, and as a part of said sawmill business the defendant was cutting lumber into small pieces that had already been sawed from the log in its original state, and this was done by means of what is known as a live roller, a jump saw, and trip chains. This roller is set on pulleys placed on the top of a frame, which is about 3 feet high; and on the south end of each pulley were cogs, and on the south side of the pulleys was a shaft that had cogs around it, and the cogs around the shaft matched and fitted into the cogs on the end of each roller, and this shaft was incased or boxed in with plank at all points except the jump saw; that the jump saw was stationed directly under the live roller and about 35 or 40 feet from the end thereof, and that the trip chains were chains that rested in a groove on and across said frame, and near two of the pulleys in the roller bed, and 2 or 3 feet from the jump saw; that said roller bed, jump saw, and trip chains were put in motion by means of levers; that on said date the plaintiff was in the employment of defendant, and in the discharge of his employment was operating said roller bed, jump saw, and trip chains, and to do so it was necessary for him to, and he did, stand by the roller bed and the casing inclosing the shaft hereinbefore mentioned, and just oppopsite the location of the jump saw, and run them in this manner, to wit: With his left hand he pushed the lever forward which turned the steam or motive power on said shaft, and this put the pulleys of the roller bed in motion; that lumber was

placed on said pulleys, and when said lumber reached the jump saw plaintiff pressed a lever with his left foot, causing the jump saw to rise and cut the timber on the pulleys in two, and the lumber thus cut off fell on the pulleys beyond the jump saw, and the plaintiff then with his right foot pressed another lever, causing the trip chains by the side of said pulleys to rise and carry the lumber thus cut off from the pulleys to another machine, known as the edger; and plaintiff with his right hand by means of a pick held the lumber that was on the roller bed in place when it was struck by the jump saw. And plaintiff avers that on said shaft there was a cog and the end of a pulley within about 2 feet from where he was standing in the discharge of his duties, and that at that point said shaft, said cogs, and said pulleys were not incased or inclosed. And he avers that on said date, and while in the discharge of his duties as aforesaid, he pressed the lever that lifted the trip chains; that in pressing it downward it caught on some obstacle or object unknown to him, and this caused his foot to slip from the lever, and he lost his balance and fell, and in falling his hand was caught between the cogs on said shaft and the end of the pulley that was open and not incased near the jump saw; that his right hand was badly crushed, and three of his fingers were cut away. (Here follows allegation of his injuries, suffering, etc.) And plaintiff avers that the defendant was negligent in allowing the lever or chain that elevated the trip chains to become out of repair and fail to work, and that said negligence caused the injury complained of."

To the complaint as a whole the following demurrers were interposed: "(1) It was shown by the averments of the complaint that the injury to the plaintiff for which damages are sought were sustained in the state of

[Watford v. Ala.-Fla. Lumber Co.]

Florida, and the complaint fails to aver that under the laws of the state of Florida the defendant is liable for such alleged injury. (2) It is not shown by the averments of the complaint that the common law obtained in the state of Florida, where the injury is alleged to have been received, or that there is in said state any statute whereby the employer is made liable to the employe under the facts alleged herein. (3) The action is based upon the idea of liability of master to the servant as at common law, and it is not averred or shown that the common law prevails in the state of Florida." And to the second count, in addition to the three grounds above set out, the following: (1) It is not shown that defendant knew of the alleged object or obstacle on which the lever lifting the trip chains caught, whereby plaintiff's foot was caused to slip, resulting in a downward fall, whereby he sustained the injury complained of, and after knowledge thereof, failed and refused to remedy the same. (2) Said count fails to aver that the defendant failed to exercise ordinary and reasonable care with reference to the suitableness and safety of the machinery and appliances connected with the lever operating said trip chains, by reason of which and as a proximate cause whereof the plaintiff sustained the alleged injury." The demurrers were sustained to the second count and overruled as to the first.

R. P. COLEMAN, and ESPEY & FARMER, for appellant. The cause of action is transitory in its nature and may be enforced in the courts of this state where the defendant corporation has its domicile.—*Helton v. Ala. Mid. R. R. Co.*, 97 Ala. 275; *Dennick v. R. R. Co.*, 103 U. S. 11; *Carrol v. Ala. R. R. Co.*, 97 Ala. 126; *Pete v. Hatcher*, 112 Ala. 514; *Kennebrew v. S. A. Co.*, 106 Ala. 377. The court improperly sustained demurrers to the second

count of the complaint.—*N. Ala. R. R. Co. v. Mansill,* 138 Ala. 548; *G. P. R. R. Co. v. Davis,* 92 Ala. 300; *Buzzell v. Laconia Co.,* 77 Am. Dec. 212. The court should have sustained a demurrer to the third plea.—*Osborne v. Ala. Steel & Wire Co.,* 135 Ala. 571. The court should have sustained the demurrer to the 4th plea.—*Holland v. T. C. I. & R. R. Co.,* 91 Ala. 444; *Smooth v. M. & M. R. R. Co.,* 67 Ala. 13.

W. O. MULKEY, for appellee. The appellant's right of recovery being wholly independent of statute it was necessary to aver and prove the existence of the common law in Florida, or of some statute of that state making the master liable under the facts set out in the complaint.—*A. G. S. R. R. Co. v. Carroll,* 97 Ala. 126; *Kahl v. M. & C. R. R. Co.,* 95 Ala. 337; *C R. & B. Co. v. Carr,* 76 Ala. 388; *L. & N. R. R. Co. v. Williams,* 113 Ala. 402. The court cannot presume that the common law prevails in Florida.—*Norris v. Harris,* 15 Cal. 246. The court properly sustained demurrers to the 2nd count.— *L. & N. R. R. Co. v. George,* 94 Ala. 119; 13 Ency. P. & P. 895. The third plea was good.—*First Nat. Bank v. Chandler,* 39 South. 822; *Osborn v. Ala. Steel Co.,* 135 Ala. 571; *Bir. Ry. Co. v. Allen,* 99 Ala. 359; 131 Ala. 356; 122 Ala. 231; 129 Ala. 414; 81 Ala. 200; 100 Ala. 377; 105 Ala. 368; 114 Ala. 183. The 4th plea was good. —*Pioneer M. & M. Co. v. Thomas,* 133 Ala. 279.

ANDERSON, J.—The defendant, being a domestic corporation, was suable in this state, although the tort complained of was an injury sustained by the plaintiff in the state of Florida. The cause of action is transitory in its nature, and may be enforced in the courts of this state, where the defendant corporation has its domicile, and where jurisdiction of its person may be lawfully

obtained.—*Helton v. Ala. Midland R. R. Co.,* 97 Ala. 275, 12 South. 276; *Dennick v. Railway Co.,* 103 U. S. 11, 26 L. Ed. 439.

There can be no recovery in Alabama for injuries to the person sustained in another state, unless actionable by the laws of the state where received.—*A. G. S. R. R. Co. v. Carroll,* 97 Ala. ·126, 11 South. 803, 18 L. R. A. 433, 38 Am. St. Rp. 163; *Kahl v. M. & C. R. R.,* 95 Ala. 337, 10 South. 661; *Central R. R. v. Carr,* 76 Ala. 388, 52 Am. Rep. 339; *L. & N. R. R. Co. v. Wliliams,* 113 Ala. 402, 21 South. 938. There is no averment in the complaint as to the laws of the state of Florida, and we are therefore called upon to apply the rule of presumption in ascertaining whether or not the complaint made out a cause of action. The rule is well established that, in the absence of an averment and proof to the contrary, the courts of a state will presume that the common law prevails in other states. Authorities above cited; *Cressey v. Tatam,* 9 Or. 545; 13 Am. & Eng. Ency. Law, 1063. This rule prevails in all states having a common origin, formed by colonies which constituted a part of the same empire and which recognize the common law as the source of their jurisprudence. "But no such presumption can apply to states in which a government already existed at the time of their accession to the country, as Florida, Louisiana, and Texas. * * * With them there is no more existence of the common law than of any other law."—*Norris v Harris,* 15 Cal. 252; *Peet v. Hatcher,* 112 Ala. 514, 21 South. 711, 57 Am. St. Rep. 45; 13 Am. & Eng. Ency. Law, 1063. It is generally held that where there is no proof of the law of another state, nor judicial knowledge of the origin of such state, which would raise up a presumption that the common law prevails there, it will be presumed that the law of the forum in which the issue is being tried is the law of

that state on the question under consideration.—*Kennebrew v. Southern Automatic Co.,* 106 Ala. 377, 17 South. 545; *Peet v. Hatcher,* 112 Ala. 514, 21 South. 711, 57 Am. St. Rep. 45; *Brown v. Wright,* 21 L. R. A. 467, 58 Ark. 20, 22 S. W. 1022, and numerous authorities in note on page 369. And our court, in the *Cases of Kennebrew and Peet,* has applied the foregoing rule of presumption with reference to Louisiana contracts. The court, speaking through Justice Head, says: "It may be well said that, as we judicially know no other law of the case than our own, the parties litigant, by failing to produce the lex contractus, impliedly agree that it is the same as the lex fori, be the latter common law or statute. Thus it may be regarded as settled in this state that when a contract made in a state or country wherein we cannot presume the existence of the common law is sought to be enforced in the courts of this state, and the lex loci is not produced, we will apply to it our own law."

It must be borne in mind that the foregoing rule, as promulgated by our own court, applies only to the enforcement of contracts. Indeed, the writer has failed to find, from the examination of the authorities in this and other jurisdictions, that the foregoing rule has been applied in cases of tort, but is confined to the enforcement of contracts and in sustaining the title to property within the state in which the action was brought. Nor are we willing to extend the rule to the case at bar, but hold that in so much as the injury was sustained in the state of Florida, a state in which we cannot presume the existence of the common law, it was incumbent upon the plaintiff to aver and prove a cause of action under the law of Florida. The Kansas court, in the case of *McCarthy v. Ry. Co.,* 18 Kan. 46, 26 Am. Rep. 742, rather sustains the distinction drawn by us in the fol-

lowing language: "And a very different principle is involved between presuming the laws of sister states like our own to sustain title to property within this state in litigation, and in holding that the laws of other states are similar to ours in enforcing either the penal or remedial statutes of such other states." Florida not being of common origin with Alabama, I think that, when a person sues in the courts of this state for injuries received in the state of Florida, he should aver the laws of that state and show that he has a cause of action, and that, as the complaint fails to set out a cause of action, it would not support a judgment, and, if the trial court committed any errors upon the trial, they were innocuous to the plaintiff.—*L. & N. R. R. Co. v. Williams,* 113 Ala. 402, 21 South. 938.

Justice HARALSON concurs with the writer; but a majority of the court are of the opinion that, in the absence of averment and proof of the laws of Florida, the parties by invoking the jurisdiction of the Alabama court submit themselves to the laws of this state; that the complaint is framed under the common law, which prevails in this state; and the question should, therefore, be dealt with under the Alabama law.

As to whether or not the first count was subject to demurrer we cannot determine, as the ruling in reference to same was favorable to the appellant. Whether or not the second count was sufficient we need not decide; but it was not subject to the grounds of demurrer interposed, and the trial court erred in sustaining the same,

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

TYSON, C. J., and DOWDELL, SIMPSON, DENSON, and McCLELLAN, JJ., concur. HARALSON and ANDERSON, JJ., dissent.