### Ex parte MANCIL.　(4 Div. 371.)

Supreme Court of Alabama.　May 10, 1928.

Criminal law ⟨key⟩1084—Appealing defendant notifying court of desire for suspension of execution of sentence held entitled to have execution suspended pending appeal (Code 1923, §§ 3237, 3241, 3248, 3258, 9459).

　　Defendant who after conviction for felony gave notice of appeal and notified court of election to have execution of sentence suspended *held* entitled to suspension of execution of judgment pending appeal under Code 1923, §§ 3237, 3241, 3248, 3258, 9459, *notwithstanding* the fact that no exceptions were reserved, in view of statutory provisions for an entry of record that defendant appeals from judgment with or without suspension of sentence as he may elect.

Certiorari *to* Court of Appeals.

Petition by Frank Mancil for certiorari, to be directed to the Court of Appeals, to revise the judgment and decision of that court on the petition of Frank Mancil for writ of mandamus, directed to Hon. W. L. Parks, Judge (116 So. 907). Writ of certiorari granted, and judgment reversed and cause remanded.

Brassell & Brassell, of Troy, for petitioner.

It was mandatory upon the circuit judge to suspend sentence pending appeal; petitioner having made known his desire to have same suspended. The time for filing bill of exceptions not having expired, it cannot be said no exceptions were reserved; nor can it be said there were no errors of record, since the record is not before the court. Code 1923, § 3241; Rivers v. State, 13 Ala. App. 374, 69 So. 387; Fuller v. State, 19 Ala. App. 402, 98 So. 210; Sherman v. State, 15 Ala. App. 175, 72 So. 755.

Charlie C. McCall, Atty. Gen., opposed.

Brief did not reach the Reporter.

BROWN, J. The petitioner was indicted, tried, and convicted of a felony in the circuit court of Pike county, and, as stated in the opinion of the Court of Appeals, 116 So. 907, "at the time of sentence, notice of appeal was given, but the court *refused* to suspend the judgment pending the appeal, *because no exceptions were reserved.*"

Contending that a suspension of the execution of the judgment by the trial court pending his appeal, and on his election, is a matter of right, he applied to the Court of Appeals for mandamus to the trial court to compel such suspension.

The Court of Appeals denied the prayer of his petition on the ground that, it appearing that no exceptions were reserved on the record for consideration of that court, though the time for presenting a bill of exceptions had not expired, the trial court properly refused to suspend the execution of the judgment, citing Ex parte Knight, 61 Ala. 482, and White v. State, 134 Ala. 197, 32 So. 320, as authorities for the conclusion stated in the opinion.

The decision in Ex parte Knight, supra, was predicated on the provisions of the statute regulating and providing for review in criminal cases, as they appear in the Code of 1876, §§ 4978–4980, and under this system it was held that "the remedy being a substitute for an appeal or writ of error, and given by statute, to obtain its benefits there must be a substantial compliance with all the statute requires"; that an adverse ruling of the court apparent upon the record proper, followed by a statement in the judgment of the trial court that, "questions of law having arisen in this case for the decision of the Supreme Court of Alabama, the sentence is suspended pending appeal," was not sufficient to invoke the jurisdiction of this court, but it must affirmatively appear "that a question of law was reserved, *and that it was done 'at the time of the decision of the question.'* " Ex parte Knight, supra; Bolling v. State, 78 Ala. 469. If the question raised is pertinent to a matter not to be shown by the record of the trial court, the statute authorized a bill of exceptions, to be signed in term time, or thereafter by agreement of the parties. Ex parte Cameron, 81 Ala. 87, 1 So. 20.

Of the system then prevailing, it was said in Knight's Case that:

"No writ of error, no certificate of appeal, nor any process, is necessary for the introduction of the cause into this court, when the mode of procedure prescribed by these sections of the Code, is observed. The *reservation* of a question" of law, "by the defendant, for the consideration of this court, is the fact appearing on the record, *which calls into exercise the appellate and revisory power of the court.* The statutes go further, and distinguishing between civil and criminal causes, provide for a writ of error in the latter causes, while the former are examinable only on appeal. The writ can be granted only by this court in term time, or, by a judge thereof in vacation, and because of *error of law apparent on the record.* The granting of the writ operates" as a suspension "of the judgment of conviction, *as does the reservation of a question for the consideration of this court.*" Ex parte Knight, 61 Ala. 482, 485, 486.

Before the decision of White v. State, 134 Ala. 197, 32 So. 320, another statute was introduced into the system, appearing first in the Code of 1896 as section 4313, providing:

---

"Any person convicted of a criminal offense in the circuit court, or other court from which an appeal lies directly to the Supreme Court may appeal from the judgment of conviction to the Supreme Court."

Other changes were made. What was section 4978 of the Code of 1876, brought forward in subsequent Codes without change was amended by the act of December 17, 1894, by adding to that statute the following provisions:

"But it is not necessary to reserve an exception to the giving or refusal of a special charge asked in writing, nor to the ruling of the court upon a demurrer to an indictment or other pleading, nor to any ruling or action of the court which is required to appear of record; but in every such case an exception is presumed on appeal." Code of 1896, § 4312.

The statute which constituted 4980 of the Code of 1876, and 4511 of the Code of 1886, was revised and brought forward into the Code of 1896 as section 4318, providing:

"When any question of law is reserved in case of a felony, *and it shall be made known to the court that the defendant desires to * * * appeal to the Supreme Court*, judgment must be rendered against the defendant, but the execution thereof must be suspended pending the appeal, and the defendant held in custody."

Construing and applying these statutes as revised and brought forward in the Code of 1896, in White's Case, it was here held the appeal did not ipso facto suspend the sentence, that an order of the trial court entered on the minutes was essential to this end, yet the fact that the defendant made known to the court his desire to appeal, to use the language of that opinion, "supplies the statutory invocation for the exercise of the court's power to suspend, the predicate for an order of suspension when questions of law have been reserved," "to the end that the defendant may have the benefit of his reservation before he is put to the sentence which he challenges as unlawful, or as having been erroneously imposed." White v. State, 134 Ala. 197, 32 So. 320.

Since the decision in White's Case, supra, other statutes have been enacted regulating appeals in criminal cases, more liberal to the defendant, and, among others, we note section 3237 of the present Code, originating in the act of Feb. 15, 1919, providing:

"Appeals in criminal cases must be taken at the time of sentence or confession of judgment or within six months thereafter in manner following: (a) An entry of record that defendant appeals from the judgment with or without suspension of judgment, *as he may elect*, to be taken at the time of judgment rendered, or (b) the filing of a written statement signed by the defendant or his attorney that defendant appeals, * * * the statement to be filed within six months."

A further amendment of the statutes, formerly section 4980 of the Code of 1876, brought forward and revised in the Code of 1896 as section 4318, giving to defendants whose term of imprisonment does not exceed ten years the right to bail pending the appeal. Code of 1923, § 3241; State ex rel. Reynolds v. Weaver, Judge, etc., 167 Ala. 672, 52 So. 638.

The statute, providing that motions other than motions for new trial made in writing, shall be a part of the record, and authorizing a review of the rulings therein without reserving exceptions thereto, is Code of 1923, § 9459. Other changes might be enumerated to show that the language of the statute, "when any question of law is reserved," etc., so important under the system of review provided in the Code of 1876 and applied in Ex parte Knight, supra, and other cases, is not now of controlling importance. Many questions arising on the trial of criminal cases may be reviewed on appeal without any question being reserved on the record or by bill of exceptions, and when the appeal is taken the law imposes upon the clerk the duty to make out a full and accurate transcript of the record, attach his certificate thereto, and transmit it to the clerk of the reviewing court, and no assignment or joinder in error is required, "but the court must consider all questions apparent on the record or reserved by bill of exceptions, and must render such judgment as the law demands." Code of 1923, §§ 3248, 3258; Campbell v. State, 182 Ala. 18, 62 So. 57.

The taking of the appeal and the election by the defendant to have the execution of the sentence suspended, made known to the court, supplies the statutory invocation requiring the exercise of the trial court's power to suspend the execution of the judgment pending the appeal and to allow the defendant bail, in bailable cases, as a matter of right.

Whether or not the record presents reviewable questions is for the reviewing court in disposing of the appeal. If it may be said that this statutory system of review is too liberal to the accused, and detrimental to the due and orderly enforcement of the criminal law, the responsibility, as well as the remedy, is with the Legislature and not the courts.

The writ is granted; the judgment will be reversed and the cause remanded to the Court of Appeals.

All the Justices concur except GARDNER, J., not sitting.