(120 So. 297)

## C. D. CHAPMAN & CO. v. CULLIFER.
### (4 Div. 500.)

Court of Appeals of Alabama. Feb. 5, 1929.

Mulkey & Mulkey, of Geneva, for appellant.

Carmichael & Tiller, of Geneva, for appellee.

RICE, J. On August 30, 1927, C. D. Chapman & Co., a partnership, names of which are set out, appellants here, caused to be issued out of the circuit court for Geneva county, Ala., a writ of attachment, which was placed in the hands of the sheriff, who, in strict pursuance of the terms of the writ, on September 17, 1927, levied upon one Ford truck, as and for the property of one Sam C. Jones, the defendant in the writ. The said Ford truck, shown to be the property of the defendant named, was at the time in his possession, in Geneva, Ala., although the defendant was a nonresident of the state, residing in Holmes county, Fla.

Thereafter, in due time, R. R. Cullifer propounded his claim to the property levied upon, under and in accordance with the terms of Code of Ala. 1923, § 10379; the said claim of the said Cullifer being based upon a mortgage, executed in the state of Florida, to said Cullifer from said Jones, as of the date

of May 15, 1927, and due and payable on or before January 1, 1928.

Issue being properly made, the trial was had before the court, without a jury, and judgment rendered in favor of the claimant for the property, the Ford truck, involved, etc.

It appears without dispute that the truck in question is the property of the defendant in attachment; claimant basing his right to prevail in this proceeding, and prevailing in the court below, upon the theory that his mortgage, above mentioned, gave to him a lien upon the property involved which had precedence over any rights obtained by plaintiff by the levying of the attachment, as above described. We shall see.

■ We judicially know that May 15, 1927, fell on Sunday. We think it sufficiently appears from the record that the mortgage introduced in evidence by claimant was executed on the day of its date, but, whether this is so or not, it bearing date as of May 15, 1927, which was, as stated, on Sunday, we will presume that it was executed on that day, in the absence of proof to the contrary. Hauerwas et al. v. Goodloe, Receiver, 101 Ala. 162, 13 So. 567. And the burden of making this proof "to the contrary" rested upon claimant, in this case. Hauerwas et al. y. Goodloe, etc., supra.

■■ In our state, a mortgage, such as that offered in evidence by claimant, being executed on Sunday, is void. Code of Alabama 1923, § 6821. There was no testimony offered in this case as to what the law of Florida, where this mortgage was executed, was or is on this question. "It is generally held that where there is no proof of the law of another State, nor judicial knowledge of the origin of such State, which would raise up a presumption that the common law prevails there, it will be presumed that the law of the forum in which the issue is being tried is the law of that State on the question under consideration." Watford v. Alabama & Florida Lbr. Co., 152 Ala. 178, 44 So. 567. And further: "The rule is well established that, in the absence of an averment and proof to the contrary, the courts of a state will presume that the common law prevails in other states. * * * This rule prevails in all states having a common origin, formed by colonies which constituted a part of the same empire and which recognize the common law as the source of their jurisprudence. *But no such presumption can apply to states in which a government already existed at the time of their accession to the country, as Florida*, Louisiana, and Texas. * * * With them there is no more existence of the common law than of any other law.'" Watford v. Alabama & Florida Lbr. Co., supra.

■ From the above quotations it will be clear, we think, that, under the decisions controlling us, we must hold, and we do hold, that, in this case upon the record before us, the presumption is conclusively that the law of the state of Florida is the same as that of Alabama, on the question of whether or not the mortgage offered in evidence by claimant, which was the sole basis of his claim to the property involved in this proceeding, was void. It being void in Alabama, we hold it, under the record here, void in Florida, where executed.

The mortgage, being void, could not support a finding in favor of claimant; hence the judgment must be reversed, and the cause remanded.

Reversed and remanded.