150 So. 184

## GILLILAND v. HARRIS.

### 5 Div. 897.

Court of Appeals of Alabama.

Oct. 3, 1933.

Pruet & Glass, of Ashland, for appellee.
Brief did not reach the Reporter.

H. A. Teel, of Rockford, and Whit Windham and London, Yancey & Brower, all of Birmingham, for appellant.

BRICKEN, Presiding Judge.

The complaint in this case contained four counts.

The defendant interposed demurrers and amended demurrers to each count.

We are not favored with a brief for appellee in this case, and are not advised of the authorities, if any, appellee relies on as concerning the sufficiency of the counts of the complaint. We gather from the record that the case was tried on the theory that there can be no recovery in Alabama for injuries to person sustained in another state, unless the conduct resulting in injury was actionable under the laws of the state where the injury was received. Watford v. Ala. & Fla. Lbr. Co., 152 Ala. 178, 44 So. 567; Alabama G. S. R. Co. v. Carroll, 97 Ala. 126, 11 So. 803, 18 L. R. A. 433, 38 Am. St. Rep. 163; Dawson v. Dawson, 224 Ala. 13, 138 So. 414. Assuming this to be the law, and adopting the same theory on appeal that prevailed in the court below, we are of the opinion that the demurrers should have been sustained to each count of the complaint as amended.

It is not negligence as a matter of law, under all conditions and all circumstances, for the driver of an automobile to go to sleep while he is operating a car. Pure Milk Co., Inc., et al. v. Salter, 224 Ala. 417, 140 So. 386; Bushnell v. Bushnell, 103 Conn. 583, 131 A. 432, 44 A. L. R. 785; Kaplan v. Kaplan, 213 Iowa, 646, 239 N. W. 682.

Pleadings are construed most strongly against the pleader. Where negligence is pleaded in the alternative, each alternative must be sufficient.

It is unnecessary to consider the other assignments of error, as the questions there urged may not arise on a subsequent trial.

The judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.