185 So.2d 527

**James PATTERSON**

v.

**STATE.**

**4 Div. 563.**

Court of Appeals of Alabama.

April 19, 1966.

James Patterson, pro se.

Richmond M. Flowers, Atty. Gen., and Julian S. Pinkston, Asst. Atty. Gen., for the State.

CATES, Judge.

This appeal was submitted March 24, 1966.

Patterson stands convicted on a plea of guilty of forgery for which the trial judge sentenced him to four years imprisonment.

Judgment of conviction was entered October 28, 1965. No motion for new trial (or to vacate) was filed.

Thereafter, January 15, 1966, Patterson, then in Kilby Prison, filed a notice of appeal to which he appended:

"Stay of execution of judgment—bail demanded pending appeal."

Criminal appeals are mainly controlled by Code 1940, T. 15, § 368, which, in effect, provides for a stay of execution (i. e., suspension of judgment) only if the appeal is noted by "[a]n entry of record * * * to be taken at the time of judgment rendered; * * *."

Under Code 1940, T. 13, § 119, save for a motion for new trial timely filed, presented, and ordered set down for future hearing, the trial court loses power over a judgment (in Houston County where Hon. Keener Baxley resides), "after the lapse of thirty days" from the judgment date.

Patently, January 15, 1966, was beyond the time specified in § 119, supra.

Even if we were to concede, arguendo, that a proper motion for new trial under § 119, supra, suspended judgment under the proviso in § 368 of T. 15, such concession would be academic here. This because the appellant has neither filed under § 119 nor noted his appeal at judgment being pronounced.

"The time for the election by the defendant to have the execution of sentence suspended is at the time of sentence and not afterward, * * * *". Ex parte State ex rel. Coburn, 20 Ala.App. 595, 104 So. 346. See Ex parte Loyd, 275 Ala. 416, 155 So.2d 519 (hn. 4) for an example of what is required by way of entry to constitute an appeal.

The statute admitting convicted felons to bail pending appeal in case of a sentence not exceeding twenty years clearly applies only when any question of law is reserved and requires an order of court suspending execution at the time of rendering judgment. White v. State, 134 Ala. 197, 32 So. 320. Code 1940, T. 15, § 372. But see Ex parte Mancil, 217 Ala. 486, 116 So. 908.

In *White*, supra, it was held that without such an order White, after conviction, was required to enter the penitentiary and the sheriff had no right to detain White therefrom.

We have written of this question because of Patterson's filing with us a subsequent motion to be admitted to bail pending appeal.

Whether or not this court has the independent power to admit an appellant to bail after he has entered the penitentiary

and after he has failed to have his sentence suspended at the time the circuit judge pronounces judgment, is for this cause now moot because we have carefully reviewed the whole record under the requisites of Code 1940, T. 15, § 389,[1] and consider the judgment below is due to be

Affirmed.

---

1. "§ 389. In cases taken to the supreme court or court of appeals under the provisions of this chapter, no assignment of errors or joinder in errors is necessary; but the court must consider all questions apparent on the record or reserved by bill of exceptions, and must render such judgment as the law demands. But the judgment of conviction must not be reversed because of error in the record, when the court is satisfied that no injury resulted therefrom to the defendant."