190 So.2d 540

**Abie G. MILTON**

**v.**

**Fannie Butrus SUMMERS.**

**6 Div. 277.**

Supreme Court of Alabama.

Sept. 22, 1966.

Earl McBee and Ferris S. Ritchey, Jr., Birmingham, for appellant

Rogers, Howard, Redden & Mills, Birmingham, for appellee.

HARWOOD, Justice.

This is an appeal from a decree investing the petitioner, Fannie Butrus Summers, with the rights of a child in the assets of the estate of Fahima Nohra Butrus as though petitioner were the sole legal heir of Fahima Nohra Butrus, deceased, and her husband, Elias Butrus, who predeceased Fahima Nohra Butrus by some nine years.

The decree also removed Abie G. Milton as administrator of the estate of Fahima Nohra Butrus, upon full accounting of his acts as administrator, and appointed Fannie Butrus Summers as administratrix of such estate.

The basis of petitioner's asserted right to such relief is that Elias Butrus and Fahima Nohra Butrus, his wife, entered into an agreement to adopt the petitioner upon her being turned over to the Butruses when she was an infant about three months old.

The evidence is uncontradicted that in 1916, the Butruses were residing in Central City, Kentucky. The petitioner, Fannie Butrus Summers, is the child of Mr. and Mrs. Milton Saab. Mrs. Saab was a sister of Elias Butrus. Mrs. Saab died, apparently at the time of, or shortly after, the birth of the petitioner. It was under these conditions that the petitioner was delivered to the keeping of the Butruses.

As to the terms under which this arrangement was completed, the evidence is in conflict.

That presented by the petitioner was to the effect that upon Mr. Saab agreeing to relinquish all future claims to the custody of petitioner, the Butruses agreed to adopt the petitioner as their child and heir.

The evidence presented by the respondent below is directed toward showing that the Butruses agreed only to take the petitioner into their custody for the purpose of raising and caring for her, but not for the purpose of making petitioner their legal heir.

The evidence, we think, is overwhelming that during their life time Mr. and Mrs. Butrus did treat the petitioner as a daughter. She was known as Fannie Butrus, entered school and was married under that name, and was considered by the community to be the daughter of Mr. and Mrs. Butrus.

However, at the threshold of our consideration of this appeal, we are met with certain well settled conflict of laws doctrines which necessitate a reversal of the decree entered by the Chancellor.

The agreement to adopt, even under appellee's contentions, was made in Kentucky. The law of Kentucky as to adoption, and the legal effect of adoption in this state, was not averred in the appellee's pleading, and no evidence as to such Kentucky law was introduced.

"The conflict of laws rules established by our decisions as to the presumption of the laws of a sister state, when such laws are not pleaded and proved, depends upon the origin of the sister state.

"If such sister state is of common origin with Alabama the presumption is indulged that the law of such sister state is the common law, unaffected by statutory changes. Walker's Adm'r v. Walker's Adm'r, 41 Ala. 353; Alabama Great Southern R. Co. v. Carroll, 97 Ala. 126, 11 So. 803, 18 L.R.A. 433; Hubbard v. Sayre, 105 Ala. 440, 17 So. 17; Louisville & N. R. Co. v. Cook, 168 Ala. 592, 53 So. 190; Corinth Bank & Trust Co. v. King, 182 Ala. 403, 62 So. 704; Barksdale v. Strickland & Hazard, 220 Ala. 86, 124 So. 234; Ex parte Allan, 220 Ala. 482, 125 So. 612, dictum; Ex parte Paulk, 225 Ala. 420, 143 So. 585.

"However, if such sister state did not have a common origin with this and older states, Peet v. Hatcher, 112 Ala. 514, 21 So. 711; Castleman v. Jeffries, 60 Ala. 380; or was not formed from colonies which constituted a part of the same empire and which recognize the common law as the source of their jurisprudence, or is a state which the court judicially knows as a historic fact was acquired by purchase from Spain, or France, such as Florida, Texas, or Louisiana, then * * * the presumption indulged is that the law of such sister state is the same as the law of Alabama, including its statutory law. Kennebrew v. Southern Automatic Electric Shock Machine Co., 106 Ala. 377, 17 So. 545; Peet v. Hatcher, 112 Ala. 514, 21 So. 711; Watford v. Alabama & Florida Lumber Co., 152 Ala. 178, 44 So. 567; C. D. Chapman & Co. v. Cullifer, 23 Ala.App. 31, 120 So. 297; Bank of Cottonwood v. Hood, 227 Ala. 237, 149 So. 676." Louisville & N. R. Co. v. Outlaw et al., 36 Ala.App. 278, 60 So. 2d 367.

We judicially know that Kentucky is of common origin with Alabama. In the status of the present record, we must therefore presume that the law of Kentucky is the common law.

The right of adoption, that is, to confer on the child of another a title to the privileges and rights of a child and appointment as heir of the adopting person is purely statutory, and was never recognized by the rules of common law. Abney v. DeLoach, Admr., 84 Ala. 393, 4 So. 757; Franklin v. White, 263 Ala. 223, 82 So.2d 247.

The pleading and proof of the laws of Kentucky as to adoption was an element essential to the establishment of appellee's claim in the court below. This burden of appellee not being met, the lower court erred in its decree granting the relief prayed for by appellee. Under such circumstances the rule of presumption in favor of the findings and decree of the lower court who saw and heard the witnesses can have no application. State v. Selma Foundry and Machine Co., Inc., 276 Ala. 161, 160 So.2d 1.

Several other matters are asserted and argued as error by appellant. The principles to which we have written above being dispositive of this appeal, we pretermit discussion and consideration of these additionally claimed errors.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.