215 So.2d 469

**STATE of Alabama**

v.

**Donald SPARKS.**

**7 Div. 932.**

Court of Appeals of Alabama.

Oct. 8, 1968.

Rehearing Denied Nov. 5, 1968.

another state that a crime has been committed in such other state and that the accused has been charged in such state with the commission of the crime, and * * * has fled from justice and is believed to have been found in this state, the judge or magistrate shall issue a warrant directed to the sheriff of the county in which the oath or complaint is filed directing him to apprehend the person charged, wherever he may be found in this state, and bring him before the same or any other judge, court, or magistrate who may be convenient of access to the place where the arrest may be made, to answer the charge or complaint and affidavit; and a certified copy of the sworn charge or complaint and affidavit upon which the warrant is issued shall be attached to the warrant."

Section 62 of the same title provides for a preliminary hearing. If therefrom the judge finds that (a) the person held is the person charged, (b) he probably committed the crime, and (c) he has fled from justice, then the judge must commit him to jail by a further warrant valid only for a (reasonable) specified time. The validity of such latter mittimus endures for a period of time to be measured by an estimate of the delay consequent upon an application for formal extradition.

Nothing in the sheriff's return shows whether or not Sparks was brought before the issuing "or any other judge, court, or magistrate" as called for in §§ 60 and 62.

### II.

We have received a certificate of appeal from the DeKalb Circuit Court from a judgment of conviction of Sparks for robbery with a sentence of ten years. Accordingly, the appeal of instant concern in that aspect is moot. Code 1940, T. 15, § 372, as amended.

As to whether or not Sparks should have been bailable on the Alabama indictment

MacDonald Gallion, Atty. Gen., for appellant.

H. T. Foster, Scottsboro, and Loma B. Beaty, Fort Payne, for appellee.

CATES, Judge.

Habeas corpus appeal by the State. Code 1940, T. 15, § 369.

### I.

Sparks, according to the sheriff's return under date of May 6, 1968, was being held by him on three charges:

a) An indictment for robbery returnable to the DeKalb Circuit Court without interim allowance of bail;[1] and

b) Two fugitive warrants issued by the Clerk of the DeKalb County Court.

Code 1940, T. 15, § 60, in part, provides:

"* * * whenever complaint shall have been made before any judge or other magistrate in this state setting forth on the affidavit of any credible person in

---

1. The true bill was handed in July 11, 1966, but the capias was not executed until March 13, 1968.

for robbery (a capital crime), we forego decision since he has been convicted. We are not advised as to when the appeal was noted nor as to any request to the circuit judge for suspension of sentence. Patterson v. State, 43 Ala.App. 190, 185 So.2d 527.

### III.

■ Inasmuch as fugitive warrants are but anticipatory of a formal demand from the requisition state, they lapse after passage of a reasonable time. Morrell v. Quarles, 35 Ala. 544. However, this estimated span should be set in the first instance by the judge of the committing court to which the sheriff returns the initial Alabama warrants (under § 60, supra) accusing the prisoner as a fugitive.

■ Because the record fails to show a §. 62 commitment to await requisition, we consider the sheriff's return is insufficient.

### IV.

California, it would seem, wants Sparks for its crime of "Armed Robbery"; Arizona for two burglaries.

■ No proof by experts in the laws of these states (e. g., members of their bars) was adduced. We judicially know that California and Arizona were originally part of the United Mexican States. Accordingly, in the absence of evidence, their laws (decisional and statutory) are presumed to be the same as ours. Milton v. Summers, 280 Ala. 106, 190 So.2d 540; Louisville & N. R. Co. v. Outlaw, 36 Ala.App. 278, 60 So.2d 367.

■ Robbery in Alabama is the common law crime of that name. It is punishable by electrocution or imprisonment for ten years or upwards. Code 1940, T. 14, § 415. It embraces robbery while armed. Hence, here we assume—absent express proof— that California also punishes robbery as our

law does. Thus, under Code 1940, T. 15, § 63, in the present state of the record, Sparks was not entitled to bail when picked up on an Alabama fugitive warrant for a California robbery.

■ The Arizona warrants are for burglary, grand larceny and receiving. Our crime of burglary is now statutory. First degree burglary is punishable capitally; second degree carries at most ten years imprisonment. Hence, Sparks was entitled to be admitted to bail on the Arizona requests as provided in § 63, supra, in the absence of what punishment Arizona prescribes.

### V.

■ Appellee's motion to dismiss this appeal is not well taken. Habeas corpus requires no assignments of error on appeal. Code 1940, T. 15, § 369(d), reads in part:

"\* \* \* The appellate court shall consider the case on the record and the evidence as set forth. If the judgment of the trial court is correct, the case shall be affirmed. If the judgment is erroneous, the appellate court shall render such judgment as the trial court should have rendered. \* \* \*"

### VI.

■ If on another trial it is found that the California and Arizona offenses are, in fact, bailable under T. 15, § 63, we consider that each charge should have a separate bond.

The judgment of May 6, 1968, setting one bond of $10,000 must, for the reasons set out above, be set aside. In conclusion we remand this cause to the court below for further hearings under Code 1940, T. 15, §§ 62 and 63, as to each of the out of state requests.

Reversed and remanded.