TAYLOR, Presiding Judge.
This is an appeal from a judgment of the Circuit Court for Dallas County denying appellant’s petition for writ of habeas corpus. Appellant Hollins is in custody under an extradition warrant issued by the Governor of Alabama ordering his return to the State of Arizona, from which he fled after being indicted for sexual conduct with a minor under the age of 15. Three issues are raised on appeal.
I
Two of the three issues raised by appellant concern the procedures used in obtaining a fugitive warrant and appellant’s subsequent lengthy detention prior to his extradition hearing. Specifically, appellant contends that a fugitive warrant “based solely on a teletype is not valid to support the arrest and continued incarceration of a defendant for more than four months,” and that “a defendant can not be arrested and held on a fugitive from justice action without a hearing on the merits within five months of the defendant’s arrest and incarceration.”
Appellant cites as authority for his position § 15-9-40, Code of Alabama 1975, and State v. Sparks, 44 Ala.App. 531, 215 So.2d 469 (1968). We have examined these authorities, as well as other applicable law on *638 extradition, and we conclude that, while there is some merit to appellant’s contentions, these arguments were not timely made. Although this precise issue has never been addressed by any Alabama decisions, it has long been the law that “[a] fugitive from justice from another state cannot urge, in opposition to proper extradition proceedings, the fact that his original arrest or detention was illegal. Once proper proceedings have been instituted, it is too late to claim that the preliminary detention was illegal.” 35 C.J.S. Extradition § 12 (1960). Since appellant waited'until after the Governor of Alabama’s rendition warrant — accompanied by the appropriate paperwork from the State of Arizona — had been issued before challenging the legality of the procedures used in his preliminary detention, his claim was not timely made. Therefore, appellant is not entitled to relief on the grounds raised in Issues I and II of his brief.
II
Appellant’s remaining issue is that the Governor of Alabama’s rendition warrant was “not valid when the reputed underlying support documents have been missing, altered and are not in the same condition as their purported receipt.”
The evidence at the hearing on appellant’s habeas petition was that the Governor’s rendition warrant — with the appropriate supporting documents from Arizona attached — arrived at the Dallas County sheriff’s office, where it was received by Ms. Beverly Milner on January 12, 1989. Ms. Milner reviewed the Governor of Alabama’s rendition warrant and the attached documentation. She detached and separated the documents, photocopied them, then recompiled the unaltered documents and delivered the extradition “packet” to the district clerk’s office. This extradition packet remained undisturbed in the district clerk’s office until requested by Circuit Judge Charles Thigpen, who needed these documents in order to make a response to appellant’s petition for writ of mandamus filed with this Court on February 8, 1989. The district attorney’s office also reviewed these documents so that a response to appellant’s mandamus petition could be filed. Neither Judge Thigpen nor the assistant district attorney handling appellant’s mandamus response altered the extradition documents in any way. The extradition file on appellant was then returned to the district clerk’s office. At appellant’s extradition hearing, however, it was discovered that the assistant district attorney had failed to return part of the extradition packet to the district clerk’s office. He stated that although the documents had not been returned with the file, his office had not altered them in any way and that the documents were in the same condition as they were when he received them.
These circumstances indicate that appellant’s extradition file was handled in a somewhat careless manner. Such handling, however, resulted in no prejudice to the appellant. We conclude, therefore, that, just as in Peacock v. State, 48 Ala.App. 391, 265 So.2d 175, 179, cert. denied, 288 Ala. 748, 265 So.2d 180 (1972), cert. denied, 410 U.S. 910, 93 S.Ct. 967, 35 L.Ed.2d 272 (1973), “[wjhile we do not want to be understood as sanctioning the practice of disassembling legal documents, we do not perceive error to reverse in the instant case.”
Accordingly, the circuit judge correctly denied appellant’s petition for writ of habe-as corpus, and his judgment is hereby affirmed.
AFFIRMED.
All the Judges concur except BOWEN, J., concurs in result only.