This is an appeal from a final judgment entered in a contempt action.
This case originated by way of a petition to show cause why Sylvester Benjamin Hebert (father) should not be held in contempt for failure to pay child support. An order was subsequently entered by the trial court, finding an arrearage of $26,209.50 *Page 836 
owed by the father to Betty Jo Stephenson (mother) and also finding that the father was in contempt of court for failure to comply with the final judgment of divorce. The husband appeals. We affirm.
The dispositive issue is whether the trial court committed reversible error by not allowing credit against the father's arrearage for Social Security payments paid for the children due to the disability of the wife's present husband (stepfather).
We note at the outset that, although child support payments become final judgments as of the date they are due, an action for their collection may be defended by showing payment or discharge by some means other than that directed by the decree.Binns v. Maddox, 57 Ala. App. 230, 327 So.2d 726
(Ala.Civ.App. 1976). In certain circumstances, claims of arrearage in child support may be offset by credit for amounts actually expended by the obligated parent for support of a child in his or her custody or in the custody of another. Ricks v.Ricks, 515 So.2d 26 (Ala.Civ.App. 1987). "It is well settled that the award or denial of a credit against arrearage is within the sound discretion of the trial court, and such a decision will not be reversed absent a showing of plain and palpable abuse." Kinsey v. Kinsey, 425 So.2d 483, 485
(Ala.Civ.App. 1983).
The record reveals that the parties were divorced in Hamilton County, Tennessee, on June 24, 1974. The mother subsequently filed a petition for rule nisi and for modification of the Tennessee final judgment of divorce in Jefferson County, Alabama. On April 17, 1986, the Circuit Court of Jefferson County entered an order, finding the father to be $4,000 in arrears in the payment of child support and also reducing child support. On June 9, 1989, the mother again filed a petition for rule nisi, and on January 30, 1990, the trial court entered the judgment that is the subject of this appeal.
The mother and the children of the parties have resided in the state of Georgia with the stepfather. At the time of the hearing, the children were twenty-four, twenty-one, and sixteen years of age. After he became disabled, the stepfather applied for disability benefits on behalf of the two younger children and, from 1986 through 1989, received approximately $17,000 in benefits.
The testimony reveals that the father is licensed as a C.P.A. He reported income of $24,172 in 1986, of $4,423 in 1987, and of $6,850 in 1988. In 1988, the father also inherited between $30,000 and $40,000. Immediately subsequent to the judgment finding him to be $4,000 in arrears and without paying the arrearage, the husband withdrew from partnership in an accounting firm, received $5,000 as his equity in the firm, and moved to Canada. He returned to Alabama six months later when he was unable to find work. The father works every day, performing accounting work for his present wife's accounting firm (the same firm in which he had previously held a partnership) and also performing accounting work for other individuals. He has also taught at the junior college level and has spoken at seminars.
The father first contends that the trial court erred in not allowing evidence tending to prove that the children were self-supporting. To support his contention, the father claims that Social Security payments received on behalf of the children due to the disability of the stepfather make the children self-supporting or supported by a third party and that, therefore, the payments should operate to relieve the father of support payments and should be credited against the arrearage amount that the father owes. Although it appears that the trial court allowed a generous scope of questioning, we will nevertheless determine whether the court's refusal to allow credit against the arrearage was a plain and palpable abuse of discretion.
The father cites Binns, 57 Ala. App. 230,327 So.2d 726, and Miller v. Miller, 385 So.2d 54
(Ala.Civ.App. 1980), in support of this contention.
In Binns, the father was allowed credit against an arrearage for Social Security payments for the children from funds derived from the Social Security account of *Page 837 
the father under the theory that the Social Security disability payments represented money which an employee earned during his employment; whereas, in the present case, the Social Security payments are derived from the account of the stepfather and do not represent money earned by the father. "The key factor to be considered in giving credit for child support arrearage is whether the evidence shows that the father contributed to the actual support of the child. . . ." Keller v. Keller,370 So.2d 306, 307 (Ala.Civ.App. 1979). Clearly, here the father did not contribute to the support of the children through the Social Security payments which were from the account of the stepfather.
In Miller, even though the payment of future Social Security payments from the account of the father was included in the facts presented to the court, the court did not reduce the responsibility of the father for child support because of the future Social Security payments.
Therefore, we find that these cases provide no support for the contention that the Social Security payments from the account of the stepfather should be credited against the arrearage of the father.
Although it has been held that the wife may not recover delinquent child support for the period in which the children were supporting themselves, or were supported by a third party,Nabors v. Nabors, 354 So.2d 277 (Ala.Civ.App. 1978), the father cites no cases which allow Social Security disability payments from someone other than the father to be applied as a credit against arrearage owed by the father. In addition, we note that in Nabors, the father's mother was a third party supporting the children on behalf of the father.
Other jurisdictions have held that requiring children's disability benefits to be credited toward their father's child support arrearage would be ordering the children to pay their own support. Hennagin v. County of Yolo, 481 F. Supp. 923
(E.D.Cal. 1979); Fuller v. Fuller, 49 Ohio App.2d 223, 360 N.E.2d 357 (1976). Therefore, we find that the Social Security payments which were derived from the account of the stepfather did not operate to relieve the father of his duty of support on the theory that the children are self-supporting or supported by a third person. We further find that it was not error for the trial court to refuse to allow evidence as to the payments to show that the children were self-supporting.
The father next contends that evidence should have been allowed tending to prove equitable adoption because, he alleges, the stepfather has assumed the obligation to support the children and the assumption of that support obligation should terminate the father's obligation to pay support. He claims that, since the children reside in our sister state of Georgia with the mother and the stepfather, Georgia law regarding adoption should apply. The father cites Milton v.Summers, 280 Ala. 106, 190 So.2d 540 (1966), to support this contention.
In Milton, an alleged adoption took place in the state of Kentucky. The supreme court applied the law of Kentucky and presumed that law to be the common law because the pleading and proof of the laws of Kentucky were not presented to the court. In the present case the father supports his claim of equitable adoption with case law from Georgia, and we find that, since the children live with the stepfather and the mother in Georgia, as to adoption, the laws of Georgia apply.
The father claims that, since equitable adoption has been recognized in Georgia to avoid unfair results from the application of intestacy statutes, Williams v. Murray,239 Ga. 276, 236 S.E.2d 624 (1977), equitable adoption also should be recognized in his claim of credit against the arrearage. However, in Williams, some showing of an agreement between the natural and adoptive parent was held to be a necessary element of equitable adoption. The court inWilliams went further to allow the mother to contract with another for the adoption of a child where the father is dead, has lost parental control, or has abandoned the child. Although in the present case the father claims that he had lost parental control and that the mother had *Page 838 
an agreement for adoption with the stepfather, we do not find support for this argument in the record. In Williams, there was a signed and witnessed agreement by the mother giving her child to other parties, whereas in the present case there is no written evidence of an agreement for adoption. Absent some showing of an agreement, we find that there could have been no equitable adoption. Because we find no equitable adoption, we pretermit as unnecessary a discussion of whether credits would have been allowed against the arrearage if such an adoption could have been found.
Although the father cites several additional Georgia cases which he claims are in support of his position, we do not find that they offer such support.
Based on the above, we find that the trial court did not commit error in its denial of credit against the arrearage and that such denial was not a plain and palpable abuse of discretion. Therefore, this case is due to be affirmed.
The mother has requested an attorney's fee for representation on appeal. Such a fee is granted in the amount of $400.
AFFIRMED.
INGRAM, P.J., and ROBERTSON, J., concur.