CRAWLEY, Judge.
The State of Alabama, on behalf of J.W. (the “custodian”), appeals from a judgment calculating child support owed by R.D.R. (the “father”) for the support of J.M. (the “child”). The child’s mother is deceased, and the child receives Social Security death benefits in the amount of $285 as a result of the mother’s death. Calculated pursuant to the Rule 32, Ala. R. Jud. Admin., the father’s monthly child support is $322.22 per month. The trial court gave the father credit for the Social Security death benefits the child receives and then ordered that the father pay child support of only $37 per month. The State argues that the trial court’s crediting the father with the amount of the child’s Social Security death benefits was improper. We agree, and we reverse the trial court’s judgment.
Although a noncustodial parent is entitled to credit for Social Security payments received by the child on account of the noncustodial parent’s disability, see Self v. Self, 685 So.2d 732 (Ala.Civ.App. 1996), this court has held that a noncustodial parent is not entitled to credit for Social Security payments received by the child on account of another person’s death or disability. See Dinkel v. Dinkel, 598 So.2d 918, 920 (Ala.Civ.App.1991) (mother’s disability benefits); Cannon v. Cannon, 585 So.2d 82 (Ala.Civ.App.1991) (natural father’s death benefits); Hebert v. Stephenson, 574 So.2d 835, 837 (Ala.Civ. App.1990) (stepfather’s disability benefits). In Hebert, this court considered whether to credit the arrearage owed by the father with the Social Security benefit payments made on the child’s behalf from the account of the stepfather. We said, “ ‘The key factor to be considered in giving credit for child support arrearage is whether the evidence shows that the father contributed to the actual support of the child....’” Hebert, 574 So.2d at 837 (quoting Keller v. Keller, 370 So.2d 306, 307 (Ala.Civ.App. 1979)). We find no reason to make a distinction between credits against an ar- *855 rearage and credits against current payments. Therefore, we reverse the judgment of the trial court and remand this cause for proceedings consistent with this opinion.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur.