MOORE, Chief Justice
(dissenting).
Martin Welch was convicted of attempted murder and was sentenced to 20 years in prison. He requested release on bail pending appeal. Section 12-22-170, Ala. Code 1975, which provides an absolute right to bail if the sentence is 20 years or less, states, in pertinent part: “If the sentence is for a term not exceeding 20 years, the judge must direct the clerk of the court in which the conviction is had to admit the defendant to bail in a sum to be fixed by the judge, with sufficient surety....” (Emphasis added.)
The trial court denied the request for bail. The Court of Criminal Appeals denied Welch’s petition for a writ of habeas corpus, citing Rule 7.2, Ala. R.Crim. P., which makes the decision whether to grant postconviction bail discretionary with the court. Ex parte Welch (No. CR-12-0291, Feb. 4, 2013), — So.3d - (Ala.Crim. App.2013) (table). Rule 7.2(c)(2) states: “Any defendant who has been convicted of an offense for which the defendant has been sentenced to a term of imprisonment for twenty (20) years or less may be released on a secured appearance bond or on the defendant’s personal recognizance.” (Emphasis added.) The rule and the statute are in conflict. I conclude that the statutory right to postconviction bail is substantive, not merely procedural, and that § 12-22-170 was not superseded by Rule 7.2. Therefore, I dissent from the denial of Welch’s petition for a writ of mandamus.
1. Constitutional limits on rule-making authority.
The Alabama Supreme Court has the power to “make and promulgate rules ... governing practice and procedure in all courts; provided, however, that such rules shall not abridge, enlarge or modify the substantive right of any party.... ” Ala. Const.1901, Art. VI, § 150 (emphasis added). See also § 12-2-7(4), Ala.Code 1975 (same).[1] If the statutory entitlement to postconviction bail is a substantive right, this Court cannot limit it by a procedural rule.[2] See Ex parte General Motors *482 Corp., 800 So.2d 159, 164 (Ala.2000) (Lyons, J., concurring specially) (“The Rules of Civil Procedure cannot be applied if applying them would offend restrictions imposed by our Constitution.”).

II. Statements in Alabama judicial opinions on the effect of Rule 7.2 on § 12-22-170.

Previous opinions of this Court have stated that Rule 7.2 supersedes § 12-22-170. In none of those opinions, however, has the majority directly addressed the specific issue presented here: Whether Rule 7.2, in contravention of § 150 of the Alabama Constitution, abridges a substantive right.
In Ex parte Watson, 757 So.2d 1107, 1111 (Ala.2000), this Court noted that the Committee Comments to Rule 7.2 say that the rule “modifies the absolute right to an appeal bond granted by § 12-22-170 to a defendant sentenced to 20 years or less of imprisonment.”[3] The Court then observed: “In accord with this view, the defendant-petitioner relies on Rule 7.2, Ala. R.Crim. P., ... rather than on § 12-22-170.” Id. Thus, in Watson the petitioner assumed Rule 7.2 preempted the statute; whether the Constitution’s “abridge, modify or enlarge” clause requires that § 12-22-170 prevail over Rule 7.2 was not at issue. In Ex parte Ziglar, 604 So.2d 384 (Ala.1992), this Court stated that Rule 7.2 had superseded § 12-22-170. That statement, however, was dicta. Because of an ex post facto bar to the retroactive application of Rule 7.2 in that case, the Court actually held that § 12-22-170 entitled Ziglar to release on bail. Thus, no conflict between Rule 7.2 and § 12-22-170 manifested in Ziglar. In Ex parte Kando-la, 77 So.3d 1209 (Ala.Crim.App.2011), the court stated that Rule 7.2 had superseded § 12-22-170. Id. at 1213. That statement, however, also was dicta. The issue before the Court of Criminal Appeals in Kandola was whether the defendant was a “technical probation violator” and entitled to take advantage of § 15-22-54.1, Ala. Code.1975. In Ex parte Maxwell, 675 So.2d 546 (Ala.Crim.App.1996), noting that Rule 7.2(c) “modified” § 12-22-170, the court remanded the cause for factual findings as to whether a postconviction bond would be appropriate. As authority, the court cited the Committee Comments to the rule. Whether § 12-22-170 granted a substantive right and could not be superseded by a procedural rule was not discussed.
None of these cases directly grappled with the issue raised by Welch — whether a statutory entitlement to bail is a substantive right that may not be modified by a procedural rule.

III. The right to bail is a right to liberty.

“[A]ll men ... are endowed by their Creator with certain inalienable rights; that among these are life, liberty and the pursuit of happiness.” Ala. Const.1901, Art. I, § 1 (emphasis added). A statutory entitlement to liberty is indisputably a substantive right and therefore may not be abridged by a court procedural rule.[4] *483 Rule 7.2(d), Ala. R.Crim. P., which requires denial of postconviction bail if the trial judge “has reason to believe” the defendant is a flight risk or a danger to the community, embodies substantive policy concerns that transcend court procedure and are nowhere found in § 12-22-170.
This Court has previously described § 12-22-170 in substantive terms. It stated of a predecessor statute:
“The taking of the appeal and the election by the defendant to have the execution of the sentence suspended, made known to the court, supplies the statutory invocation requiring the exercise of the trial court’s power to suspend the execution of the judgment pending the appeal and to allow the defendant bail, in bailable cases, as a matter of right.”
Ex parte Mancil, 217 Ala. 486, 487, 116 So. 908, 909 (1928) (emphasis added). See Ex parte Jones, 444 So.2d 888, 890 (Ala.1988) (describing bail pending appeal as “a right granted by § 12-22-170 to all convicted criminal defendants whose sentence is twenty years or less”) (emphasis added). See also State v. District Court of Second Jud. Dist., 715 P.2d 191, 194 (Wyo.1986) (“Surely it cannot be gainsaid that a right to bail is a manifestation of the interest of the individual in his personal liberty.”); Kenneth S. Gallant, Judicial Rule-Making Absent Legislative Review: The Limits of Separation of Powers, 38 Okla. L.Rev. 447, 459 (1985) (noting that bail “affects the most important substantive right involved in most serious criminal cases — the right of the defendant to freedom”).[5]
Analogous cases underscore the substantive nature of a statutory right to liberty. The United States Supreme Court described a grant of parole as a conditional entitlement to liberty. “[T]he parolee is entitled to retain his liberty as long as he substantially abides by the conditions of his parole.” Morrissey v. Brewer, 408 U.S. 471, 479, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). This substantive right to liberty “includes many of the core values of unqualified liberty and its termination inflicts a ‘grievous loss’ on the parolee.... ” Id. at 482. See also Gagnon v. Scarpelli, 411 U.S. 778, 781-82, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) (applying Morrissey analysis to probation). Similarly, the statutory right to bail pending appeal is an entitlement to liberty that “includes many of the core values of unqualified liberty.”
Ohio, like Alabama, had a “shall not abridge, enlarge or modify” limitation on the constitutional authority of its supreme court to make court rules affecting substantive rights. An Ohio “cite and release” statute provided, with certain exceptions, that a police officer “shall issue a citation” rather than making an arrest for a minor misdemeanor. In State v. Slatter, 66 Ohio St.2d 452, 423 N.E.2d 100 (1981), the appellant claimed that a parallel rule of criminal procedure made the issuance of citations discretionary. The Ohio Supreme Court held that the statute created “a substantive right of freedom from ar *484 rest for one accused of the commission of a minor misdemeanor unless one of the statutory exemptions exists.” 66 Ohio St.2d at 458, 423 N.E.2d at 104. It then quoted the lower appellate court: ‘“This statute acts to preclude arrest and is a guarantee of personal freedom given by the legislature where no such right existed before.’ ” Id. The court described a statutory right not to be subject to arrest for a minor crime as a “substantive right of freedom” and “a guarantee of personal freedom given by the legislature.” The right given by the Alabama Legislature not to be subject to imprisonment pending appeal for certain felonies is similarly a “substantive right of freedom.”

IV. Acknowledging error.

This Court has in the past acknowledged that it cannot abridge substantive rights by a court rule. When the legislature passed a new juvenile code in 1975, the Court, needing time to develop corresponding procedural rules, deferred the effective date of the law by court order until those rules could be prepared. Ex parte Ward, 540 So.2d 1350, 1351-52 (Ala.1988). A juvenile was defined in the former Code as someone “under sixteen,” and in the new Code as someone “under seventeen.” By delaying the effective date of what was known as Article 5, the Court deprived Ward, who was 16 at the time of his offense, of status as a juvenile under the new law. Finding that the state constitution prohibited modification of the jurisdiction of the juvenile court by a court rule, this Court retracted its action. “Article 5 created substantive rights for qualified juveniles,” the Court wrote, “which this Court’s rules could not abridge.” 540 So.2d at 1353. Likewise, in this case the Court should grant the petition to recognize that Rule 7.2, contrary to the holding of the Court of Criminal Appeals, cannot supersede the substantive right to liberty provided by § 12-22-170.

V. Conclusion.

Presciently warning about what has come to pass in this Court’s abridgement of the right to bail pending appeal, the Mancil Court observed: “If it may be said that this statutory system of review is too liberal to the accused, and detrimental to the due and orderly enforcement of the criminal law, the responsibility, as well as the remedy, is with the Legislature and not the courts.” 217 Ala. at 487,116 So. at 909-10. The line separating substance from procedure expresses the separation-of-powers principle that a divided government preserves liberty by inhibiting undue consolidation of power. As James Madison stated: “[U]surpations are guarded against by a division of the government into distinct and separate departments.” Ex parte Jenkins, 723 So.2d 649, 654 (Ala.1998) (quoting The Federalist No. 51, at 322-23 (James Madison) (Clinton Rossiter ed., 1961) (emphasis omitted)).
Because the constitutional restrictions on this Court prohibit the abrogation of § 12-22-170 by a rule of procedure, Welch has a clear legal right to bail pending appeal in whatever amount the trial judge determines to be reasonable under the circumstances. I therefore respectfully dissent from the denial of Welch’s petition for a writ of mandamus.
MURDOCK, J., concurs.

. Section 12-1-1, Ala.Code 1975, implementing § 150 of the Constitution, provides that court rules supersede conflicting statutes regulating procedure. However, the legislature in turn has the power to change any court rule of procedure “by a general act of statewide application.” Ala. Const.1901, Art. VI, § 150.

. Welch characterizes the issue as follows: "The right to bond pending appeal when the sentence does not exceed twenty (20) years is *482 a substantive legislated right that can not be taken from the citizens of this State by a rule of procedure.” (Welch's brief, at 6.)

. Committee comments are not controlling authority. "Although the purpose of the Committee Comments is to explain and clarify the Rules of [Criminal] Procedure,” Ex parte Anderson, 644 So.2d 961, 963 (Ala. 1994), they serve only as "persuasive authority.” Meadows v. State, 644 So.2d 1342, 1345 (Ala.Crim.App. 1994).

. Sir William Blackstone observed in the 18th century that the personal liberty of individuals "is a right strictly natural; that the laws of England have never abridged it without sufficient cause; and, that in this kingdom it can *483 not ever be abridged at the mere discretion of the magistrate, without the explicit permission of the laws.” 1 William Blackstone, Commentaries *130.

. The statutory entitlement to postconviction bail, although a substantive right, is not of constitutional dimension. The constitutional prohibition on excessive bail applies only "before conviction.” Ala. Const.1901, Art. I, § 16. See Ex parte Pace, 45 Ala.App. 132, 133, 226 So.2d 676, 676 (1969) (“The provisions affording bail pending appeal ... are not within the influence of Constitution 1901, § 16, which prohibits excessive bail.”). The only reference to the amount of bail in § 12-22-170 is that it be "fixed by the judge.”