BRUNNER, APPELLEE, *v.* WILLIAMS, APPELLANT.

(No. 5201—Decided February 17, 1955.)

*Messrs. Maugan & Vacca,* for appellee.
*Mr. Jack M. Parrish,* for appellant.

WISEMAN, J.  This is an appeal on questions of law from a judgment of the Common Pleas Court of Franklin County, Division of Domestic Relations, reducing to judgment accrued installments for the support of a minor child.

The parties hereto, who were husband and wife, entered into a separation agreement on May 7, 1939, whereby the defendant agreed to pay to the plaintiff $5 per week for the support of their minor child.  On September 8, 1939, the plaintiff obtained a decree of divorce from the defendant and was granted custody of the minor child.  The separation agreement was approved and confirmed in the decree, and the parties were directed by the court to comply with its terms.  The defendant defaulted on the installment payments.  On May 1, 1954, the plaintiff filed a motion to reduce to judgment the unpaid installments.

Testimony was taken on the motion.  Plaintiff and defendant were the only witnesses.  The evidence shows that the plaintiff, a few years after the divorce, married one Brunner, who shortly thereafter entered the military service.  Brunner made an allotment for the support of his minor stepchild.  A short time after Brunner was discharged from military service the defendant, who was about to enter military service, held a

conversation with plaintiff and Brunner about making an allotment for his child. Brunner, in the presence of the plaintiff, suggested to the defendant that he refrain from making such allotment. At no time did the defendant request an allotment for the support of the child. While the defendant was in military service, and for many years thereafter, he contributed nothing toward the support of the child, and the plaintiff took no steps to enforce payment under the support order. In 1952 the plaintiff requested the defendant to pay for the child's dental service, which was paid by the defendant in installments in substantial amounts. The defendant thereafter made installment payments toward the support of the child. The court entered judgment in the amount of $2,825.

Defendant assigns as error: The judgment is against the manifest weight of the evidence; error in overruling motion for new trial; and error in failing to hold that plaintiff was estopped to assert her right to collect the unpaid installments.

In arriving at the amount of the judgment the court allowed the defendant to take credit for all amounts which he claimed were paid, including a deduction for the time during which an allotment was made for the child's support by the plaintiff's present husband. We cannot say that the judgment is against the manifest weight of the evidence.

Defendant claims the plaintiff is estopped to assert her right to the unpaid installments because of the suggestion made by Brunner to the defendant that he refrain from making an allotment for the child's support during the time the defendant was in military service. Assuming, without deciding, that estoppel has application to this type of proceeding, the evidence falls short of proper proof of conduct on the part of the plaintiff which misled the defendant, to his prejudice. The evidence does not indicate any intention on the part of the plaintiff to waive, relinquish or abandon her rights under the support order. Furthermore, the resumption of payments after the lapse of many years shows that the defendant himself did not believe the plaintiff had relinquished any of her rights under the order. In our opinion neither the doctrine of estoppel nor the provisions of Section 3105.20, Revised Code, that the court may exercise equity powers, have any application to the issue presented here.

Under the facts in this case, which show a failure on the part of the plaintiff for many years to enforce payment under the order, the controlling principle of law is stated in *McPherson* v. *McPherson,* 153 Ohio St., 82, 90 N. E. (2d), 675, wherein it is held that such unpaid installments become vested when due, and the court has no power to reduce the amount found to be due.

We find no assignment of error well made.

*Judgment affirmed.*

MILLER, P. J., and HORNBECK, J., concur.