Plaintiff-appellant, Clermont County Child Support Enforcement Agency ("CSEA"), appeals from a decision setting a child support order at zero. We reverse and remand.
Defendants-appellees, James Neff and Diane Estes (f.k.a. Neff), were divorced in Clermont County and Neff was awarded custody of the two children born of the marriage. In February 1996, Neff was incarcerated and his daughter, Crystal, began living with Estes, and his son, James, began living with Neff's sister, Carolyn Naegele. Naegele filed a complaint for custody of James in juvenile court, and Estes filed a motion for custody of Crystal in the domestic relations court under the divorce action. Separate hearings were held in both courts on January 13, 1997. In the juvenile court action, Naegele was given custody of James and the issue of child support was taken under advisement pending the decision of the domestic relations court regarding Crystal. The domestic relations court placed Crystal in the custody of Estes and ordered Neff to pay child support in the amount of $427.67 per month based on his income prior to incarceration.
On February 27, 1997, CSEA filed a motion requesting that Neff and Estes pay support to Naegele for James. A hearing was held on March 24, 1997 and the magistrate filed his decision on April 10, 1997, recommending that child support for James be set at zero. After completing a support work sheet, the magistrate found:
 [T]he appropriate level of support for two children is $342.20 per month. As that is less than the order which already exists from the Domestic Relations Court for the child which is the subject of the Domestic Relations Order, I recommend that support for this child be set, per the attached guidelines, at zero.
CSEA filed objections to the magistrate's decision on April 23, 1997, arguing that the magistrate failed to articulate how it would be in the best interest of the child, James, to receive no support from either of his parents. The juvenile court judge affirmed the magistrate's decision on October 24, 1997, finding that the objections were not well-taken.
Appellant assigns a single assignment of error on appeal, arguing that the trial court erred in failing to order Neff and Estes to support their child in the care and custody of a third party.
R.C. 3113.215 sets forth the procedures a trial court must follow when calculating a parent's child support obligation. Rock v. Cabral (1993), 67 Ohio St.3d 108. R.C. 3113.215(B)(1) requires the trial court's calculation to be made in accordance with the basic child support schedule set forth in R.C. 3113.215 (E) or (F). The amount of child support calculated using the schedule and work sheet is rebuttably presumed to be the correct amount of child support due. R.C. 3113.215(B)(1). This presumption may only be rebutted if the trial court determines that the amount calculated pursuant to the schedule and work sheet would be unjust or inappropriate and would not be in the best interest of the child. R.C. 3113.215(B)(1)(a). Moreover, the trial court must state findings of fact which support its determination that the calculated amount would be unjust or inappropriate and not in the best interest of the child. R.C. 3113.215(B)(1)(b).
The Supreme Court of Ohio has held that the terms of R.C.3113.215 are mandatory in nature and must be followed literally and technically in all material respects. Marker v. Grimm (1992),65 Ohio St.3d 139, paragraph two of the syllabus. Any deviation from the applicable work sheet and the basic child support schedule must be entered by the court in its journal and must include findings of fact to support the court's deviation. Id., paragraph three of the syllabus. The supreme court also noted:
 It is obvious from the statutory scheme of R.C. 3113.215 that the overriding concern of the law is "the best interest of the child" for whom support is being awarded. This fact is evident from R.C. 3113.215, where the phrase "best interest of the children" is used thirteen times. To ensure the best interest of the children, the General Assembly enacted comprehensive legislation outlining the specific procedures to be followed to meet this overriding interest of the law. The statute is written in terms which are mandatory in nature, and when the standard provision for support as provided in the statute is not specifically followed by the trial court, the law requires any such deviation to be explicitly explained after following specific procedures.
Id. at 141-142. "In light of the specific and mandatory nature of the terms of R.C. 3113.215, a trial court's failure to comply with the literal requirements of the statute constitutes reversible error." Id. at 143.
An appellate court applies an abuse of discretion standard when reviewing matters relating to child support. Booth v. Booth (1989), 44 Ohio St.3d 142, 144. The question of whether to deviate from the child support guideline amount is a matter within the trial court's discretion. Carpenter v. Reis (1996),109 Ohio App.3d 499, 504. An abuse of discretion involves more than a mere error of judgment; it connotes an attitude on the part of the trial court that is arbitrary, unreasonable, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219.
In the instant case, the trial court failed to justify any deviation from the statutory guidelines. The only possible justification for the deviation offered by the magistrate is that Neff is paying more pursuant to the domestic relations' child support order for one child than he would be paying for two children per the work sheet completed by the juvenile court for two children. The court does not offer any explanation how this award of zero child support would be "unjust or inappropriate" and "not in the best interest of the child." -R.C.3113.215(B)(1)(a).
Accordingly, we find that the trial court abused its discretion because it did not make a finding that the deviation from the child support guidelines was "unjust or inappropriate" and "not in the best interest of the child." Appellant's assignment of error is sustained.
Judgment reversed and remanded.
YOUNG, P.J., and WALSH, J., concur.