DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from the judgment of the Lucas County Common Pleas Court, Domestic Relations Division, which, as part of post-divorce proceedings, modified appellant's child support obligation. For the reasons that follow, the trial court's judgment is affirmed.
The relevant facts of this appeal are as follows. The marriage of appellant and appellee was dissolved in 1987. The parties have three children. The two oldest children were emancipated prior to the most recent child support modification, and the youngest child, Stephen, who was still a minor as of the date of the most recent modification, resides with his mother, appellee.
In 1994, a consent judgment entry was filed, which modified the parties' support obligations. At that time, appellee had custody of the parties' two minor children, Rhiannon and Stephen. As part of the consent agreement, the court found that appellant owed an arrearage of $431. Further, the court found that appellant was to pay child support in the amount of $255.81 per child per month, plus a two percent poundage. Additionally, appellant was to pay an additional $10 per month until the arrearage was paid in full.[1]
In 1999, appellee petitioned for a modification of the child support. By that time, appellee was disabled, having become disabled in 1995. She received $726 a month for herself, and Stephen received derivative benefits in the amount of $363. A hearing was conducted before an administrative officer of the Lucas County Child Support Enforcement Agency ("LCCSEA")regarding the modification and the hearing officer filed her findings and recommendations on April 5, 1999. The hearing officer recommended that appellant's support obligation be raised to $484.86 per month, beginning March 1, 1999. Appellant objected to the hearing officer's findings and recommendations and a hearing was held before Magistrate Carol Hargreaves on June 29, 1999. At that hearing, Sandra Sniegowski, the custodian of the records for LCCSEA explained the manner in which appellant's payments were credited. Appellant also testified as to alleged errors in the LCCSEA's accounting. Also, at the hearing, appellant's attorney made a proffer of evidence regarding the fact that (1) appellant was currently supporting the parties' two adult children, and (2) appellant purchased clothes and other items for Stephen on numerous occasions. This proffer was made because, at some off-the-record meeting, the magistrate had apparently ruled that she would not consider such evidence. On October 14, 1999, the magistrate's decision was filed. The magistrate found that the records of LCCSEA were correct. Therefore, at the time of the hearing, appellant was credited with an advanced payment of $19.63. Further, the magistrate refused to deduct Stephen's derivative social security benefits from the parties' joint total support obligation. The magistrate also held that appellant should pay $483.93 per month in child support, plus a two percent processing charge.
Appellant timely objected to the magistrate's decision, arguing that (1) the magistrate erred in not applying the Sixth District Court of Appeals decisions of Carpenter v. Reis (1996) 109 Ohio App.3d 499, andBarnett v. Hanson (October 31, 1997), Erie App. No. E-97-050, unreported, which appellant claimed required the court to first subtract Stephen's social security benefits from the total support obligation before allocating the remaining amount between the two parties, (2) the magistrate erred in not properly crediting appellant with payments previously made, and (3) the magistrate erred in not considering the evidence that would have allowed her to deviate from the standard support guidelines. On March 7, 2000, the court overruled appellant's objections. Appellant now appeals to this court, raising the following assignments of error:
"ASSIGNMENT OF ERROR NO. 1
 "THE JUDGE AND THE MAGISTRATE FAILED TO APPLY THE LAW CONCERNING THE ALLOCATION OF SOCIAL SECURITY DISABILITY INCOME, IN VIOLATION OF THE PRECEPTS OF CARPENTER V. REIS (1996) 109 OHIO APP.3d 499, 672 N.E.2d 702 AND BARNETT V. HANSON (OCTOBER 31, 1997), 1997 OHIO APP. LEXIS 4788, ERIE COUNTY CASE NO. 94-A-025, UNREPORTED.
"ASSIGNMENT OF ERROR NO. 2
 "FAILING TO APPLY PREVAILING AND CONTROLLING LAW CONCERNING CALCULATION OF INCOME WAS AN ABUSE OF DISCRETION.
"ASSIGNMENT OF ERROR NO. 3
 "THE JUDGE AND THE MAGISTRATE ERRED IN THE CALCULATION OF CHILD SUPPORT ARREARAGE BY FAILING TO GIVE DUE CREDIT TO THE PREVIOUS COURT ORDER OF 1994, DESCRIBING THE SPECIFIC AMOUNT TO BE PAID, BUT NOT PROPERLY CREDITED BY THE LCCSEA TO CLARK, AND SAME WAS AN ABUSE OF DISCRETION.
"ASSIGNMENT OF ERROR NO. 4
 "THE JUDGE AND THE MAGISTRATE ERRED AS A MATTER OF LAW IN SPECIFICALLY EXCLUDING ANY EVIDENCE THAT WOULD HAVE ALLOWED FOR DEVIATION FROM THE STANDARD GUIDELINES PER OHIO REV. CODE SEC. 3113.25(B)(3)[sic], ALTHOUGH OBJECTIONS WERE RAISED AT THE HEARING LEVEL, REQUESTS WERE MADE TO INCLUDE CERTAIN EVIDENCE AND TESTIMONY, AND CERTAIN PROFFERS MADE, AND THE ACTS WERE AN ABUSE OF DISCRETION.
"ASSIGNMENT OF ERROR NO. 5
 "THE CALCULATION OF CHILD SUPPORT ALLOCATION USING TAXABLE GROSS INCOME FOR THE OBLIGOR, AND NON-TAXABLE NET INCOME FOR THE OBLIGEE IS INHERENTLY INEQUITABLE."
Appellant's first and second assignments of error are related and will be considered together. In his first assignment of error, appellant argues that the trial court incorrectly calculated his child support obligation. Citing this court's decisions of Carpenter and Barnett, appellant argues that Stephen's social security payments should have been subtracted from the total support obligation, and then the amount remaining after these benefits were subtracted should have been apportioned between appellant and appellee. In his second assignment of error, appellant argues that the trial court's failure to followCarpenter and Barnett and apply the above formula was an abuse of discretion.[2]
We note that although appellee was disabled since 1995, and has received social security benefits on behalf of herself and her minor children since 1996, appellant is not arguing that his child support obligation should be retroactively modified.
He only argues that the 1999 modification of support was incorrect as it did not include a credit for these benefits.
In the recent case of Williams v. Williams (2000), 88 Ohio St.3d 441, the Ohio Supreme Court specifically rejected the formula referred to inBarnett and proposed by appellant. Williams' effect on Carpenter is unclear as in Carpenter, the disabled person was the child's stepparent, not a parent. Regardless, on that basis, Carpenter is distinguishable from the present case.
In Williams, the Ohio Supreme Court was faced with the issue of whether "a disabled parent's child support obligation [should] be directly set off by Social Security payments received on behalf of a minor child, or should the joint child support obligation of both parties be reduced by the amount of the Social Security payments?" Williams at 442. Reasoning that these payments are not "mere gratuities from the federal government," but instead arise because the disabled parent paid into the Social Security system and was found to be disabled, the court rejected the joint credit option and held that "a disabled parent is entitled to a full credit in his or her child support obligation for Social Security payments received by a minor child." Id. at 444. Although the Supreme Court in Williams was dealing with a situation where the disabled parent was the obligor/non-custodial parent, this holding clearly applies in the present situation as well. Therefore, appellant was not entitled to a credit for Stephen's Social Security benefits. Accordingly, appellant's first and second assignments of error are found not well-taken.
In his third assignment of error, appellant argues that (1) he was not properly credited with all of his child support payments, and (2) the court failed to "properly allocate weekly payments on the specified arrearage" based upon the previous court order of 1994. This court has reviewed the record and does not find that the evidence supports appellant's contention that he was not credited with these payments. The evidence before the magistrate included a case history report prepared by LCCSEA and a list of support payments provided by appellant. All of the payments listed on the sheet provided by appellant himself are accounted for on the "Case History Report" provided by LCCSEA.
As to the specific errors to which appellant refers, we do not find those errors in the record. First, appellant states that there were additional payments of $462 in 1997 and 1998 which were not properly credited to his account. Although appellant testified that he had made seventeen payments of $462 in 1997 and twenty-three payments of $462 in 1998 which were not credited to his account, this testimony is not supported by the record. Appellant's own payment list does not make reference to such payments. Records produced by both sides only refer to additional payments of $4.62 made in 1997 and 1998. Further, appellant's handwritten notes on the LCCSEA's Case History Report also refer to payments of $4.62 in 1997 and 1998. A comparison of appellant's list of support payments and LCCSEA's Case History Report shows that all payments made by appellant, including this additional $4.62 payments, were properly credited by LCCSEA. Second, appellant argues that he made additional payments for his daughter Rhiannon after she was emancipated on her birthday, November 28, 1998. While the records do reflect additional payments made, LCCSEA did not charge appellant for child support after she turned eighteen. See, LCCSEA Arrearage Statement, June 29, 1999 Hearing, Exhibit A. The additional payments made were credited toward the arrearage, and towards appellant's child support obligation for Stephen. Accordingly, appellant's third assignment of error is found not well-taken.
In his fourth assignment of error, appellant argues that the magistrate erred in refusing to allow him to present the following evidence in support of deviation from the basic child support schedule: (1) support given to the parties' daughters, including shelter and "college support and tuition", (2) "other gifts and support given to children as minors both within and out of the custody of the plaintiff", (3) evidence of the potential income of appellee, and (4) the fact that appellee's income is not taxable and appellant's is taxable.
The decision to deviate from the child support guideline amount is a matter within the sound discretion of the trial court. Carpenter, at 504. This decision will not be disturbed on appeal absent an abuse of discretion. Id. "An abuse of discretion is more than an error of law or judgment; rather, it implies an attitude on the part of the trial court in reaching its decision that is arbitrary, unreasonable or unconscionable." Id. at 504-05. We do not find that the court abused its discretion in failing to consider the above. This court has specifically considered whether providing support to adult children can affect the amount of child support owed to a minor child. The court found that "a parent's voluntary decision to lend support to adult children does not warrant a court's deviation from statutory guidelines for the purposes of computing child support." Pasch v. Pasch (June 30, 1992), Sandusky App. S- 91-42, unreported. Accordingly, appellant's fourth assignment of error is found not well-taken.
In his fifth assignment of error, appellant argues that the child support calculation was unfair and prejudicial to appellant as it did not take into consideration the fact that appellant's income is taxable and appellee's income is not taxable. We do not find this to have been an error. R.C. 3113.215(E) requires that each parties' "gross income" be used for the child support calculation. Further, R.C. 3113.215(A)(2) defines "gross income," with a few exceptions not relevant in the present case, to be "the total of all earned and unearned income from all sources during a calendar year, whether or not the income is taxable, * * *" (Emphasis added). Accordingly, we find appellant's fifth assignment of error not well-taken.
This court has reviewed the entire record before the trial court and, upon consideration thereof and the law, finds that the trial court did not abuse its discretion in calculating appellant's child support obligation. The judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, is hereby affirmed. Court costs of these proceedings are assessed to appellant.
Peter M. Handwork, J., James R. Sherck, J., Richard W. Knepper, P.J., JUDGES CONCUR.
 ____________________________ JUDGE
[1] Despite this order, it is undisputed that this additional amount was not withdrawn from appellant's check until May, 1997, at which time $4.62 plus poundage was withdrawn per pay period.
[2] In his first "Statement of Issues Presented For Review," appellant seems to state that the court erred in not including Stephen's social security payments in appellee's household income for purposes of allocating child support. However, as appellant did not brief this argument, the court will disregard this issue.