OPINION
{¶ 1} Petitioner-Appellant, Michael McAninch, appeals a decision by the Union County Common Pleas Court, Domestic Relations Division, granting a divorce, ordering the division of marital assets, and allocating parental rights as to the parties' minor children. On appeal, Michael contends that the trial court erred by invalidating portions of the parties' separation agreement and by not deviating from the statutory guideline amount of child support. However, trial courts have the discretion to either accept or reject all or part of a separation agreement and are under no obligation to deviate from statutory child support guidelines. Accordingly, we must affirm the trial court's judgment.
 {¶ 2} Facts and procedural posture pertinent to the issues on appeal are as follows. Michael and Rebecca McAninch were married on May 7, 1998. Three children were born as issue of the marriage. On October 24, 2001, the parties filed a petition for dissolution of their marriage, including a separation agreement and shared parenting plan to be incorporated therein. Per Michael's request, the matter was subsequently converted to a divorce. As part of his complaint for divorce, Michael requested that the separation agreement be incorporated into the decree.
 {¶ 3} Included in the parties' separation agreement, among other things, were provisions pertaining to division of their assets and debts and child custody and support. At the time the agreement was formulated, both parties believed that the value of their marital residence was $140,000. Pursuant to the agreement, Rebecca was paid $2,500 for her equity in the home, after deducting hypothetical selling expenses from the value of the property. In return, Rebecca quit claimed any interest she retained therein to Michael. When the agreement was signed, Rebecca was not represented by counsel. Subsequently, an appraisal was conducted, suggesting that the home was worth $145,000.
 {¶ 4} A final hearing on the divorce action was conducted before the magistrate on February 25, 2002. The magistrate recommended that the separation agreement be rejected with respect to the division of marital assets. Specifically, the magistrate determined that the parties were mutually mistaken as to the value of the marital residence and noted that Rebecca had not been represented at the time the separation agreement was finalized between the parties. Additionally, the magistrate disallowed the deduction of hypothetical selling expenses, determining that Rebecca was entitled to $12,150 for her share of equity in the home since no evidence was presented that Michael intended to sell the home.
 {¶ 5} The magistrate further recommended that the shared parenting provisions of the separation agreement be upheld, which entitled each party to alternating weeks with the exception that Michael would have the children on Tuesdays and Thursdays each week to accommodate Rebecca's work schedule. However, child support was calculated for Rebecca, pursuant to R.C. 3119.022, in the amount of $916 per month, without granting Michael a deviation for the significant amount of time spent with the children, which actually exceeded the amount of time that the children would be in Rebecca's custody.
 {¶ 6} Michael filed objections to the magistrates decision on March 19, 2002, arguing that the separation agreement should have been enforced with respect to the marital residence and child support. The trial court overruled the objections on March 25, 2002. A final divorce decree was entered by the trial court on May 13, 2002, which followed the magistrate's recommendations concerning the marital residence and child support. From this decision, Michael appeals, asserting two assignments of error for our review.
 Assignment of Error I {¶ 7} "The trial court erred in failing to uphold and enforce the separation agreement voluntarily entered into between the parties."
 {¶ 8} In his first assignment of error, Michael contends that the trial court should have upheld the parties' separation agreement with respect to the $2,500 payment made to Rebecca for her share of equity in the marital home because the agreement was entered into voluntarily, contained provisions that it would be incorporated into the divorce decree, and was a binding contract. Additionally, Michael avers that the trial court did not make a finding of fraud, duress, overreaching or undue influence.
 {¶ 9} R.C. 3105.10(B)(2) provides the authority for trial courts to enforce a separation agreement and states that: "[a] separation agreement that was voluntarily entered into by the parties may be enforceable by the court of common pleas upon the motion of either party to the agreement, if the court determines that it would be in the interests of justice and equity to require enforcement of the separation agreement." Consequently, the decision to enforce a separation agreement is discretionary and will not be reversed on appeal absent an abuse of discretion.[1]
 {¶ 10} "When parties enter into a separation agreement and submit the agreement to the court at the time of trial in a divorce or alimony only action, the court has one of several options."[2] "The first is that it can find the separation agreement fair, just and reasonable or equitable, and incorporate it by reference so that it becomes part of the decree. The court's second option is to reject some of the terms of the separation agreement, make an independent ruling on those issues, and incorporate the independent rulings and partial separation agreement into the decree. The third alternative is for the trial court to reject the entire separation agreement and make its own findings regarding the issues set forth in the complaint. Lastly, the trial court may acknowledge the existence of a separation agreement, identify it and attach it to the decree, without incorporating it by reference."[3]
 {¶ 11} Because the statute contains the express authority for trial courts to reject a separation agreement when it reasonably determines that it would be proper to do so, no showing of fraud, duress, or undue influence is necessary.[4] Moreover, in order for a trial court to incorporate a pre-existing separation agreement into the decree, the court must first find that the agreement is fair, just, and reasonable or equitable.[5] As the trial court did herein, in order to reject all or a portion of a separation agreement, a trial court need only determine that the record contains sufficient evidence that enforcement of the agreement would be contrary to the interests of justice and equity.[6]
 {¶ 12} Herein, the trial court rejected the portion of the parties' separation agreement with respect to the monies exchanged for the equity in the marital home. The court made several findings to justify its determination: 1) the parties were mutually mistaken as to the actual worth of the home at the time the agreement was signed; 2) Rebecca did not have the benefit of representation when the agreement was drafted, and 3) no evidence was elicited at the hearing to support that Michael intended to sell the home, thus he should not have been afforded a set-off for his share of the equity for the costs of sale. These findings and the fact that the actual equity in the home was $24,300 support the trial court's conclusion that enforcement of this provision would be contrary to the interests of justice and equity. Therefore, we may not find that the trial court abused its discretion in awarding each party an equal share and rejecting the separation agreement in relation thereto.
 {¶ 13} For these reasons, we find no merit to Michael's first assignment of error, and it is hereby overruled.
 Assignment of Error II {¶ 14} "The trial court erred when calculating the amount of child support as the court failed to deviate from the guideline amount for the amount of time spent with the father, pursuant to Ohio Revised Code section 3119.24."
 {¶ 15} Michael maintains in his second assignment of error that he was entitled to a reduction from the standard statutory child support calculation because, pursuant to the parties' shared parenting plan, he has custody of the children more days of the year than Rebecca. We disagree.
 {¶ 16} A parent ordered to pay child support under a shared parenting plan is not entitled to an automatic credit for the time the child is residing with that parent.[7] There is no authority "whatsoever `for requiring a trial court to deviate from the child support guidelines merely because a deviation would be permissible or even desirable.'"[8] While a trial court may consider extraordinary circumstances and other factors to deviate from the standard support guidelines,[9] including the amount of time the children spend with each parent,[10] the decision of whether to deviate from the statutory guidelines is a matter within the sound discretion of the trial court.[11]
 {¶ 17} As mandated by statute, the trial court herein calculated Michael's child support according to the applicable statutory worksheet. Unless the trial court deviates from this amount, the statute does not require the court to justify its decision.[12] Additionally, Michael maintains a much higher income than Rebecca, and he failed to produce evidence supporting that a deviation from the amount was warranted.[13]
Accordingly, we find no abuse of discretion in the trial court's decision, and Michael's second assignment of error is hereby overruled.
 {¶ 18} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, the judgment of the trial court is affirmed.
Judgment affirmed.
 SHAW, P.J. and HADLEY, J., concur.
[1] Schneider v. Schneider (1996), 110 Ohio App.3d 487, 491.
[2] Greiner v. Greiner (1979), 61 Ohio App.2d 88, 99.
[3] Id. (citations omitted).
[4] Schneider, 110 Ohio App.3d at 492. See, also, Wittmeyer v.Wittmeyer (May 24, 1999), Brown App. No. CA98-08-026.
[5] Hallowes v. Hallowes (Aug. 3, 2000), Franklin App. No. 99AP-652. See, generally, Wolfe v. Wolfe (1976), 46 Ohio St.2d 399.
[6] Schneider, 110 Ohio App.3d at 492, citing R.C. 3105.10(B)(2).
[7] Ullom v. Ullom (June 14, 2002), Columbiana App. No. 01CO33, 2002-Ohio-3005. Cf. Pauly v. Pauly (1997), 80 Ohio St.3d 386, 389,1997-Ohio-105.
[8] Jones, supra, quoting Fitzgerald v. Fitzgerald (Jan. 24, 1997), Montgomery App. No. 15982; Coleman v. Campbell (July 26, 2002), Geauga App. No. 2001-G-2401, 2002-Ohio-3841, at ¶ 15.
[9] R.C. 3119.24(A)(2), (4); R.C. 3119.022. See Ullom, supra.
[10] R.C. 3119.24(B)(1).
[11] Jones v. Jones (Dec. 17, 1999), Highland App. No. 99CA9, citingCarpenter v. Reis (1996), 109 Ohio App.3d 499, 504.
[12] Coleman, supra, at ¶ 16.
[13] Id. at ¶ 17.