DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from an Adams County Common Pleas Court judgment concerning child support. Randy Copas, defendant below and appellant herein, assigns the following error for our review:
"The Trial Court Erred In Issuing An Order Of Child Support That Deviated From The Guidelines In That The Deviation Is Not Supported By Any Factual Or Legal Basis That Is Contained In The Record."
 {¶ 2} Appellant and Leah Copas, plaintiff below and appellee herein, divorced in 1996. In the divorce decree, the trial court directed that the parties comply with a shared parenting plan with respect to their only child. The shared parenting plan provides that appellant is the residential parent and that appellee shall have visitation every other weekend, every Wednesday, and one month for summer vacation. At the time the parties entered into the shared parenting plan, the court did not order either party to pay child support.
 {¶ 3} In 2001, appellant filed a motion to establish child support. Each party also filed additional motions that are not at issue in this appeal. Ultimately, the parties appeared at hearing before the magistrate on June 12, 2002. The magistrate issued a decision requiring appellee to pay child support in the amount of $164.25 per month.
 {¶ 4} Appellant filed objections to the magistrate's decision and the magistrate sua sponte amended his decision. In the amended decision, the magistrate explained that he deviated from the child support obligation recommended by the worksheet and guidelines based upon the fact that appellee has a right to parenting time for approximately forty percent of the year.
 {¶ 5} Specifically, the amended decision provides, "[t]he deviation on the worksheet was the result of the Court inputting the figure of 40% into the Puritas Springs computer program as time spent with the Obligor, which resulted in the credit to the Obligor as shown in the worksheet." The child support worksheet reflects that appellee's recommended obligation is $5,207.51, and that the court-ordered deviation reduced her obligation to $1,932.37.
 {¶ 6} The trial court overruled appellant's objections and adopted the Magistrate's recommendation. This appeal followed.
 I {¶ 7} In his sole assignment of error, appellant asserts that the trial court erred in deviating from the child support guidelines. In particular, appellant contends that the record in the instant case does not support, either based upon factual or legal grounds, a deviation from the child support guidelines.
 {¶ 8} The allocation of parental rights and responsibilities is within the trial court's sound discretion. Miller v. Miller (1988),37 Ohio St.3d 71, 73-74. Additionally, a rebuttable presumption exists that the amount of support calculated via the child support worksheet is in the best interest of the child. R.C. 3119.03. A trial court may, however, deviate from the worksheet amount if that amount would be unjust or unreasonable. See R.C. 3119.24(A)(1). Courts must enter both the worksheet-calculated payment amount and its reasons for deviation from that payment amount into the record. DePalmo v. DePalmo (1997),78 Ohio St.3d 535, 538. The decision of whether to deviate from the standard support guidelines is a matter within the sound discretion of the trial court. Booth v. Booth (1989), 44 Ohio St.3d 142, 144; Jones v.Jones (Dec. 17, 1999), Highland App. No. 99CA9, citing Carpenter v. Reis
(1996), 109 Ohio App.3d 499, 504. Appellate courts must find an abuse of discretion if, however, a trial court orders a deviation that is not supported by findings of fact journalized in the record. DePalmo at 538.
 {¶ 9} We further note that under a shared parenting plan, a trial court does not abuse its discretion by deviating from the guidelines when it calculates child support by equitably giving parents credit for the time they have physical custody of the child. Zeefe v. Zeefe (1998),125 Ohio App.3d 600, 610, citing Eickelberger v. Eickelberger (1994),93 Ohio App.3d 221; Cox v. Cox (Apr. 8, 1997), Franklin App. No. 96APF07-889 and 96APF08-990; Weddell v. Weddell (June 29, 1994), Montgomery App. No. 14274. See, also, Fernbeck v. Fernbeck, Mahoning App. No. 00-CA-276, 2001-Ohio-3482; Anthony v. Anthony (Dec. 3, 1999), Lake App. No. 98-L-222.
 {¶ 10} In the case sub judice, appellant contends that a deviation from the child support guidelines is not warranted. Appellee, on the other hand, contends that the parties' shared parenting plan specifically sets out visitation plans and, thus, provides an adequate basis for the trial court's judgment.
 {¶ 11} After our review of the record, we conclude that the record at this juncture does not provide an adequate evidentiary basis to support the magistrate's decision. To be sure, we have no quarrel with the concept that courts may, under appropriate circumstances, choose to deviate from the prescribed child support guidelines if that deviation is in the child's best interest. Our review of the transcript reveals, however, that the vast majority of the evidence at the hearing related to an automobile, not the child support guideline deviation issue. Moreover, although the parties separation agreement speaks to the amount of time the child resides with each parent, this agreement apparently predates appellee's change of residence to the State of Kentucky. Appellee's change of residence and other changes in circumstance may (or may not) have impacted the proper child support calculation and determination. In other words, we believe that the parties should be permitted to fully prepare and present evidence in order to properly litigate the child support deviation issue. We again add, however, that we fully recognize a court's authority to deviate from the child support guidelines when warranted, and that we make no comment in this case as to the underlying merits of the child support deviation issue.
 {¶ 12} Accordingly, based upon the foregoing reason we hereby reverse the trial court's judgment and remand this matter for further proceedings consistent with this opinion.
JUDGMENT REVERSED AND CAUSE REMANDED.
 JUDGMENT ENTRY
It is ordered that the judgment be reversed and the matter remanded for further proceedings. The costs herein to be taxed equally between the parties.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Adams County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J.: Concurs with Concurring Opinion.
Kline, J.: Dissents.